[Cite as *State v. Corrigan*, 2022-Ohio-816.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

    Plaintiff-Appellant,              :

                                          No. 110484

    v.                                        :

SEAN CORRIGAN,                               :

    Defendant-Appellee.              :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-651570-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1}   Plaintiff-appellant state of Ohio appeals the trial court's refusal to sentence defendant-appellee Sean Corrigan ("Corrigan") under S.B. 201 known as the Reagan Tokes Law on the ground that the law is unconstitutional.

{¶ 2} We reverse the trial court's judgment and remand the case for resentencing pursuant to the Reagan Tokes Law.

## I. Facts and Procedural History

{¶ 3} Corrigan pleaded guilty to involuntary manslaughter, a first-degree felony, attempted murder, also a first-degree felony, and felonious assault, a second-degree felony. Each count carried a firearm specification. The trial court refused to impose sentence pursuant to S.B. 201 known as the Reagan Tokes Law on the ground that the law is unconstitutional under *State v. Oneal*, Hamilton C.P. No. B 1903562, 2019 WL 7670061 (Nov. 20, 2019).

{¶ 4} The state offers that it posed the instant appeal due to the pending en banc decision by this court in *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.), holding that the law is unconstitutional. Specifically, the state argues that "[t]he only prevailing issues as to the constitutionality of the Reagan Tokes Law are arguments that the Reagan Tokes Law violates: (1) jury trial rights, separation of powers doctrine, and (3) due process." Appellant's brief, p. 3.

{¶ 5} Since the filing of the state's appeal, this court has issued the en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Based on the authority established by the en banc holding, the challenges advanced by the state in support of the constitutional validity of the Reagan Tokes Law have been sustained. *See id.* at ¶ 17-54.

{¶ 6} The state's assigned error is sustained. The sentence is reversed and remanded for resentencing under the Reagan Tokes Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, P.J., concurring in part and dissenting in part).

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.